## CECIL v. GEREN.

No. 19157. Opinion Filed Oct. 23, 1928.

Rehearing Denied Jan. 8, 1929.

Owen & Looney, Phillips, Duling & Porta, and T. H. Wren, for plaintiff in error.

Wright & Frerichs, Stephenson, Proffit & Shackelford, Linebaugh & Pinson, Huser & Huser, and Lydick, McPherren & Jordan, for defendant in error.

PER CURIAM. This action was brought by J. S. Cecil against B. Geren to contest the election of November 2, 1926, of Geren to the office of county commissioner of Okfuskee county. From the judgment rendered in the district court in that county in favor of Geren, the cause comes to this court on appeal.

The legality of the election held in Paden precinct No. 4 and Creek precinct No. 1, and of certain votes cast therein, was the issue in the trial court. The trial court held illegal the election in Paden precinct No. 4. and deducted the votes in the precinct from the total votes cast for the parties. No appeal was taken from this part of the judgment. The appeal is prosecuted here from the action of the trial court in holding the election November 2, 1926, in Creek precinct No. 1, and certain ballots counted therein, to be legal. After deducting the votes of Paden precinct from the total votes cast for the parties to this action, the votes stood 692 for Geren and 659 for Cecil. In Creek precinct No. 1, of all votes cast, Geren received 291 and Cecil 35. The determination of the legality of certain votes cast at the election in this precinct determines the right to hold the office of county commissioner in Okfuskee county.

It is stipulated and agreed by the parties to this action that 165 of the votes cast in Creek precinct No. 1. November 2, 1926, were cast by voters registered on October 23, 1926. Plaintiff, Cecil, contends said 165 votes so cast are illegal for the reason the parties casting the same were not legally registered, as the period of registration closed on October 22. 1926, and the registration of voters on October 23, 1926, was therefore illegal. The contention between the parties is due to the difference in their construction of the statute governing the registration of voters under section 6257, C. O. S. 1921, fixing the time of such registration. The plaintiff asserts election day is to be excluded in determining the period of registration, and counting back and excluding ten clear days. the period of registration expired October 22. 1926, while the defendant, Geren, contends the statute does not mean to exclude ten clear days, and that in computing the time for registration, election day must be excluded, and that counting back ten days, the registration period was still open on the tenth day, October 23, 1926, and the voters registered on that day were legal voters and entitled to vote.

So much of section 6257, supra, as is necessary to determine the question before us is as follows:

"Any person who may become a qualified elector in any precinct in this state after the 10th day of May, 1916 or after the closing of any other registration period. may register as an elector by making application to the registrar of the precinct in which he is a qualified voter. not more than 20, nor less than ten days before the day of holding any election. and upon complying with all the terms and provisions of this act, and it shall be the duty of the precinct registrar to register such qualified electors in their precinct under the terms and provisions of this act, beginning 20 days before the date

of holding any election and continuing for a period of ten days. Precinct registrars shall have no authority to register electors at any other time except as provided in this act, and no registration certificate issued by any precinct registrar at any other time, except as herein provided, shall be valid."

The parties hereto agree, and we think correctly so, that in computing the time within which voters may register the date of the election is to be excluded. The election being held on November 2. 1926, therefore that day is to be excluded. The defendant in error urges that the language used in said section, "not more than 20, nor less than 10 days before the day of holding any election," governs the time in which an elector may register, and by the great weight of authority this language would include the tenth day before the election, October 23, 1926, as the final day of registration, and in their brief quote authority supporting the contention that. where an act is to be done ten days before a certain date, the tenth day before said date is to be included, but we think the subsequent language used in this section, "beginning 20 days before the date of holding any election and continuing for a period of ten days," fixes the period in which a voter may register, and that the former language used in said section is to be interpreted to come within such period. The registration must begin 20 days before the date of holding any election and continue for a period of 10 days. Excluding election day and counting backward 20 days, we find that the period of registration began on October 13, 1926, the 20th day before the election. October 13, 1926, therefore must be counted as the first day of the registration period, and counting forward ten days the registration period closed at midnight of October 22, 1926. The period thus fixed begins 20 days before the election, and gives ten full days for the registration of voters. It is provided in the section above quoted that the registrar shall have no authority to register electors at any other time except as provided in this act, and no registration certificate issued by any precinct registrar at any other time, except as herein provided, shall be valid. We therefore conclude that the 165 persons who registered on October 23, 1926, were not legal voters within the provisions of the election laws of this state, and not entitled to vote at the election held on November 2, 1926, in Creek precinct No. 1, and that the ballots cast by them were invalid and not entitled to be counted in tabulating the result of the votes cast in said precinct.

The plaintiff, Cecil, received in Creek, precinct No. 1, 35 votes, and assuming that the entire 35 votes so received by him were among the 165 illegal ballots cast in said precinct, and deducting the same from the total of the 165 illegal ballots, shows conclusively that 130 of the 165 illegal ballots were counted for the defendant, Geren. The total votes of the respective parties. including said precinct, were Geren 692, and Cecil 659. Deducting the 165 illegal ballots in a manner most favorable to Geren. who upon the face of the whole returns was declared elected. that is, 130 from Geren and 35 from Cecil, leaves a net result of legal ballots cast of 562 for Geren, and 624 for Cecil. The plaintiff, Cecil. thereby having received the greater number of the legal votes cast at such election, is properly entitled to be declared elected to the office of the county commissioner of Okfuskee county at the general election held November 2, 1926. It is unnecessary to decide the question of the other irregularities occurring at the election in said precinct being sufficient to render such election void, for the reason the question already determined is decisive of the rights of the parties to this action to the office of county commissioner. The judgment of the trial court is reversed, and the cause remanded, with directions to the district court of Okfuskee county to vacate and set aside its former judgment, and enter judgment for the plaintiff in accordance with the conclusions herein reached.

Note.—See under (1) 20 C. J. p. 84, § 56. (2) 20 C. J. p. 83, § 55.